UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NANCY J. H., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-01623-TAB-JMS ) |
| ANDREW M. SAUL Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

## I. Introduction

Plaintiff makes multiple arguments in this appeal of the Social Security Administration's denial of her application for disability benefits. One argument is dispositive—that the ALJ failed to consider evidence that supports Plaintiff's claimed need to use the restroom frequently throughout the day (15 to 20 times on a normal day). The ALJ concluded that this claim was unsupported by the record, but the record shows that conclusion was inaccurate, and that the ALJ failed to address the supporting evidence. Accordingly, the Court grants Plaintiff's request for remand [Filing No. 10] so the ALJ can better examine the evidence concerning this claim. With this issue requiring remand, the Court limits its analysis of Plaintiff's other arguments, though the ALJ should consider Plaintiff's arguments on remand.

## II. Background

Plaintiff was diagnosed with Crohn's disease in 2008, and she applied for disability insurance benefits, alleging disability beginning June 16, 2014. In evaluating Plaintiff's claim, the ALJ used the SSA's five-step sequential process for determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520 (explaining the five-step process). At step one, the ALJ

determined Plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, the ALJ determined that Plaintiff had severe impairments, including degenerative disc disease of the lumbar spine, plantar fasciitis, ulcerative colitis, fibromyalgia, and migraine headaches. However, the ALJ found that Plaintiff's anxiety and depression did not cause a severe impairment. At step three, the ALJ determined that Plaintiff's impairments or combination of impairments did not meet or medically equal any of the listings in 20 C.F.R. pt. 404, subpt. P, app'x 1. Before moving on to step four, the ALJ determined Plaintiff's RFC:

> [Plaintiff can] perform sedentary work as defined in 20 CFR 404.1567(a) except that the claimant [can] lift, carry, push and pull ten pounds occasionally and less than ten pounds frequently. The claimant can stand [for] two hours of an eight-hour workday and sit for six hours of an eight-hour workday, provided that she is allowed to alternate between sitting and standing every thirty minutes with one minute to transition. The claimant ambulates with a cane. The claimant can occasionally climb ramps and stairs but never ladders, ropes, or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can work in an environment with a noise intensity level of 3 or less, based on the noise intensity level chart set forth by the DOT. The claimant can [ ] never work around unprotected heights, moving mechanical parts or be required to operate a motor vehicle. The claimant must be off task 10% of the workday.

[Filing No. 8-2, at ECF p. 17.]

Relying on the RFC findings and testimony from the vocational expert, the ALJ determined at step four that Plaintiff could perform past relevant work as a nurse supervisor. Therefore, the ALJ determined that Plaintiff was not disabled. Though the ALJ could have halted her analysis there, she continued to step five. At step five, the ALJ looked to the VE's testimony and Plaintiff's age, education, work experience, and RFC, and found that Plaintiff could work other jobs that existed in significant numbers in the national economy.

## III. Discussion

Plaintiff contends the ALJ's decision is not supported by substantial evidence because it overlooked medical evidence that supported her claim to need to frequently use the restroom due

2

to ongoing and worsening symptoms from her colectomy. Defendant responds that the ALJ sufficiently analyzed the credibility of Plaintiff's claimed need, and that an ALJ's determination regarding the intensity and persistence of a claimant's symptoms can only be overturned if it is patently wrong. A review of the record shows the ALJ's analysis of the support for Plaintiff's reported limitation of frequent bowel movements is both inaccurate and insufficient, requiring remand.

Under Social Security Ruling 16-3p, ALJs "must explain why a reported limitation is or is not consistent with the evidence in the record." *Britt v. Berryhill*, 889 F.3d 422, 426 (7th Cir. 2018). In doing so, "ALJs must confront evidence that supports a finding of disab[ility] . . . and then explain why it was rejected." *Id.* ALJs no longer attempt to determine the overall credibility of a claimant but instead focus on whether the evidence supports the "intensity and persistence" of the specific symptoms the claimant alleged. SSR 16-3p, 2017 WL 5180304, at *2 ("[W]e are eliminating the use of the term 'credibility' from our sub-regulatory policy, as our regulations do not use this term. In doing so, we clarify that subjective symptom evaluation is not an examination of an individual's character. Instead, we will more closely follow our regulatory language regarding symptom evaluation.").

Defendant argues the Court can only reverse an ALJ's determination regarding reported symptoms if it is patently wrong.[1] However, the ALJ's discussion of evidence regarding Plaintiff's alleged symptoms is insufficient. Plaintiff claimed she needed to use the restroom 15

---

[1] Defendant contends this highly deferential standard that courts have applied when reviewing credibility determinations under the superseded SSR 96-7p continues to apply under SSR 16-3p. [Filing No. 14, at ECF p. 11 (citing *Farrar v. Colvin*, 1:14-cv-6391 2016 WL 3538827, at *4 n.3 (N.D. Ill. June 29, 2016).] However, a more recent Seventh Circuit opinion analyzing SSR 16-3p does not mention the "patently wrong" standard. *Britt*, 889 F.3d at 426. Regardless, even under the "patently wrong" standard, Plaintiff meets her burden.

3

to 20 times a day, and the ALJ concluded that the claimed "frequency and severity of gastrointestinal symptoms [was] unsupported by the evidence in the record." [Filing No. 8-2, at ECF p. 19.] However, the ALJ's limited discussion overlooked consistent and more recent support for more than 10 bowel movements a day, as well as a subsequent surgery. [Filing No. 8-13, at ECF p. 18 (noting diarrhea 10 times a day); Filing No. 8-15, at ECF p. 41 (diagnostic laparoscopy finding chronic partial bowel obstruction); Filing No. 8-2, at ECF p. 76; (noting an average of 10 loose bowel movements per day); Id. at ECF p. 82 (noting no improvement and that Plaintiff "still has 10-15 loose bowel movement[s] throughout the day").] The ALJ did not confront this supporting evidence in her decision, as she was required to do.

Further, support for the ALJ's conclusion is lacking. In her RFC analysis, the ALJ found "no evidence of ongoing clinical manifestations," citing to a single June 2014 treatment note from E. David Brown, MD. [Filing No. 8-2, at ECF p. 19 (citing Filing No. 8-8, at ECF p. 16).] However, this conclusion is not supported by Dr. Brown's discussion. Rather than finding no manifestations, Dr. Brown's impression was that Plaintiff in fact suffered from "Pouchitis – flare." [Filing No. 8-8, at ECF p. 17.] Dr. Brown noted Plaintiff took a course of Flagyl for two weeks, but she only improved for about a week before her symptoms returned and Plaintiff was back to having "more than 10 [bowel movements] a day and several at night." [Id. at ECF p. 16.] Defendant points out that under "Gastrointestinal," Dr. Brown listed "Soft, Non-tender" and "Abdomen: No mass." [Id. at ECF p. 17.] However, it is unclear how those findings relate to Plaintiff's claim regarding the frequency of her bowel movements or how they negate Dr. Brown's finding of pouchitis.

Defendant also points to two other records relating to Plaintiff's gastrointestinal limitations that the ALJ cited in her step two analysis. First, the ALJ cited to Dr. Brown's notes

from a follow-up visit in August 2014, and the ALJ asserted Plaintiff reported "intermittent episodes of increased stool." [Filing No. 8-2, at ECF p. 14 (citing Filing No. 8-8, at ECF p. 13).] Again, this is an inaccurate description of the record. Dr. Brown's notes show Plaintiff reported she continued to have 10 bowel movements a day, though she had five on her best day. [Filing No. 8-8, at ECF p. 13.] Second, the ALJ cited a 2015 laparoscopy, which the ALJ asserted "revealed no additional intestinal disorder." [Filing No. 8-2, at ECF pp. 14-15 (citing Filing No. 8-15, at ECF p. 41).] In fact, the postoperative diagnosis was "[a]bdominal pain, partial bowel obstruction, chronic." [Filing No. 8-15, at ECF p. 41.] Regardless, it is not clear how this relates to whether Plaintiff's claims about her bowel movement frequency were accurate.

Defendant argues that Plaintiff fails to cite a medical source showing that Plaintiff's ability to function was limited by her need to frequently use the bathroom. However, common sense says 10 trips to the bathroom during the day will limit a person's ability to perform a job. Further, the omission is not harmless. The ALJ found that Plaintiff will need to be off task for 10% of the workday, which is the maximum allowable according to the VE. [Filing No. 8-2, at ECF pp. 59-60.] Given that the ALJ discounted Plaintiff's claim to need frequent bathroom breaks, the ALJ did not include them in Plaintiff's time off task. Adding any additional bathroom breaks could easily push Plaintiff over the 10% tolerance for time off task. *See*, *e.g.*, *Lanigan v. Berryhill*, 865 F.3d 558, 563-64 (7th Cir. 2017) (finding remand necessary when the ALJ failed to account for and discuss limitations that could make the claimant be off task more than 10% of the workday). Therefore, the ALJ's decision is not supported by substantial evidence and must be remanded. *See Walker v. Berryhill*, 900 F.3d 479, 482 (7th Cir. 2018) (ALJs' decisions must be supported by substantial evidence). The Court remands the decision so

the ALJ may better analyze the frequency of Plaintiff's bowel movements and to include that analysis when considering the amount of time Plaintiff will be off task.

Plaintiff makes two other arguments in support of her appeal. Given that the Court already has found remand to be required, the Court addresses these arguments succinctly. Much like her argument concerning the frequency of her bowel movements, Plaintiff argues the ALJ again overlooked supporting medical evidence and thus failed to adequately consider her limitations. Plaintiff also argues the ALJ's RFC assessment is job preclusive due to the amount of time the ALJ found Plaintiff will need to be off task. Plaintiff further contends the ALJ failed to include some of the time Plaintiff would be off task in her hypothetical to the VE, making the VE's opinion incomplete.

Regarding anxiety and depression, the ALJ found at step two that Plaintiff's psychological condition caused "no more than a 'mild' limitation" and was not a severe impairment. [[Filing No. 8-2, at ECF p. 16](#).] Subsequently, the ALJ provided no additional analysis of Plaintiff's anxiety and depression in her RFC assessment other than to say she gave little weight to testimony from Plaintiff's friend and husband regarding Plaintiff's mental functional limitations. [[*Id.* at ECF p. 20](#).] Plaintiff argues the ALJ overlooked evidence that Plaintiff's anxiety and depression were severe limitations, so the ALJ's step two determination was wrong, which caused the ALJ to leave Plaintiff's psychological limitations out of her RFC. Plaintiff points to evidence the ALJ did not discuss, most notably her treatment history with Steven Guichelaar, NP, which noted depression and anxiety related symptoms, including sleep disturbance, fatigue, agitation, crying spells, helplessness, hopelessness, irritability, sadness, tension, anticipatory anxiety, time anxiety, and worrying about things outside of her control. [[Filing No. 10, at ECF pp. 20-21](#).] However, as Defendant points out, the ALJ thoroughly

6

discussed the "paragraph B" criteria, as required in step two by SSR 96-8p, and the ALJ relied on the examining psychologist's opinion that Plaintiff had normal mental status examination findings regarding functional limitations. [Filing No. 14, at ECF p. 12 (citing Filing No. 8-2, at ECF pp. 15-16).] Though the analysis is otherwise sufficient, the ALJ may wish to take the opportunity afforded by the remand to review Plaintiff's long treatment history with Guichelaar.

Regarding time off task, Plaintiff argues the ALJ's RFC finding is job preclusive. Plaintiff reads the ALJ's decision as having two separate findings regarding the amount of time Plaintiff will need to be off task. The VE stated that the maximum Plaintiff could be off task, but still employable, was 10% of the workday. According to Plaintiff, the ALJ found that Plaintiff would need to be off task 10% of the day, and additionally, Plaintiff would need one minute off task every half hour to transition between sitting and standing, which would be an additional 10-15 minutes off task per day, putting Plaintiff over the maximum. However, while Plaintiff's reading of the decision is plausible, the more likely reading is that the ALJ included the transition time within the 10% figure. In her RFC analysis, the ALJ stated, "The additional restriction of being off task 10% of the workday considers symptoms related to . . . chronic pain." [Filing No. 8-2, at ECF p. 17.] In the preceding paragraph, the ALJ noted that Plaintiff's need to transition between sitting and standing was due to her chronic pain. Thus, while it seems the transition time was included, remand provides the ALJ with the opportunity to clarify this finding.

Plaintiff further contends that the ALJ failed to include in her hypotheticals to the VE all of the time Plaintiff would need to be off task, and instead separately asked about the maximum tolerance employers generally have for employees being off task. The Seventh Circuit noted that "[o]ur cases generally have required the ALJ to orient the VE to the totality of a claimant's

7

limitations. . . . Our cases, taken together, suggest that the most effective way to ensure that the VE is appraised fully of the claimant's limitations is to include all of them directly in the hypothetical." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010) (citations omitted) (collecting cases). Plaintiff cites no case saying the ALJ must expressly include time off task in a hypothetical as opposed to generally asking about employer tolerances. Further, the proximity of the ALJ's questions about time off task to the ALJ's hypotheticals and follow-up modifications leads to a reasonable assumption that the ALJ connected the dots between the questions. [*See* Filing No. 8-2, at ECF p. 58-60.] Nonetheless, it is possible that the VE's opinion would have been different had the ALJ expressly included time off task within her hypotheticals. On remand, the ALJ should consider whether the VE was fully appraised of Plaintiff's limitations.

**IV. Conclusion**

As explained above, the ALJ failed to adequately analyze evidence supporting Plaintiff's claim regarding the frequency of her bathroom breaks. For this reason, the Court grants Plaintiff's request for remand under sentence four of 42 U.S.C. § 405(g). [Filing No. 10.] Remand will also provide the ALJ an opportunity to more fully consider Plaintiff's other arguments, which the Court does not rely upon in finding remand appropriate.

Date: 6/21/2019

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record by email.

8